**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CLAUDE EDWARD TRIVINO,

    Plaintiff,

    v.                                                                                    Civ. No. 15-102 MV/GJF

CAROLYN COLVIN,
*Acting Commissioner of Social Security*,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION FOR DISPOSITION

THIS MATTER is before the Court on Plaintiff's Motion to Remand or Reverse ("Motion"), filed on June 1, 2015. ECF No. 17. The Commissioner responded on September 16, 2015. ECF No. 22. Plaintiff replied on October 17, 2015. ECF No. 26. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") impermissibly failed either to include certain limitations in the residual functional capacity ("RFC") assessment or to explain why such limitations should not be included. Accordingly, the Motion should be granted and the case remanded for further proceedings. *See* 42 U.S.C. § 405(g) (2012) (sentence four).

## I.  PROCEDURAL HISTORY

Plaintiff applied for disability insurance benefits under the Social Security Act, alleging a disability onset of August 22, 2011. Admin. R. ("AR") 178. His claims were denied initially and on reconsideration. AR 109-12, 122-24. Plaintiff requested a hearing before an administrative law judge ("ALJ"). AR 127-28. ALJ Jeffrey S. Wolfe held a hearing by video teleconference on April 24, 2014, from his chambers in Tulsa, Oklahoma. AR 38. Following the hearing, the ALJ found Plaintiff was not disabled. AR 15. The Social Security Administration's ("SSA's")

Appeals Council declined review on January 12, 2015.  AR 1-3.  Consequently, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. § 422.210(a) (2015).

Plaintiff timely filed his appeal to the U.S. District Court on February 5, 2015.  ECF No. 1.

## II.     APPLICABLE LAW

### A.  Standard of Review

When the Appeals Council denies a claimant's request for review, the ALJ's decision becomes the final decision of the agency.[1]  The Court's review of that final agency decision is both factual and legal.  *See Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)) ("The standard of review in a social security appeal is whether the correct legal standards were applied and whether the decision is supported by substantial evidence.")

The factual findings at the administrative level are conclusive "if supported by substantial evidence." 42 U.S.C. § 405(g) (2012).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.  Substantial evidence does not, however, require a preponderance of the evidence.  *U.S. Cellular Tel. of Greater Tulsa, L.L.C. v. City of Broken Arrow, Okla.*, 340 F.3d 1122, 1133 (10th Cir. 2003).  A court should meticulously review the entire record but should

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, not the Appeals Council's denial of review.  20 C.F.R. § 404.981 (2015); *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.

As for the review of the ALJ's legal decisions, the Court reviews "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The Court may reverse and remand if the ALJ failed "to apply the correct legal standards, or to show . . . that she has done so." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996).

Ultimately, if substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214, *Doyal*, 331 F.3d at 760.

### B.  Sequential Evaluation Process

The SSA has devised a five-step sequential evaluation process to determine disability. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2015). At the first three steps, the ALJ considers the claimant's current work activity, the medical severity of the claimant's impairments, and the requirements of the Listing of Impairments. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), & Pt. 404, Subpt. P, App'x 1. If a claimant's impairments are not equal to one of those in the Listing of Impairments, then the ALJ proceeds to the first of three phases of step four and determines the claimant's residual functional capacity ("RFC"). *See Winfrey*, 92 F.3d at 1023; 20 C.F.R. §§ 404.1520(e), 416.920(e). In phase two, the ALJ determines the physical and mental demands of the claimant's past relevant work, and in the third phase, compares the claimant's RFC with the functional requirements of his past relevant work to determine if the claimant is still capable of performing his past work. *See Winfrey*, 92 F.3d at 1023; 20 C.F.R. §§ 404.1520(f), 416.920(f).

If a claimant is not prevented from performing his past work, then he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). The claimant bears the burden of proof on the question of disability for the first four steps, and then the burden of proof shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Talbot v. Heckler*, 814 F.2d 1456, 1460 (10th Cir. 1987). If the claimant cannot return to his past work, then the Commissioner bears the burden, at the fifth step, of showing that the claimant is capable of performing other jobs existing in significant numbers in the national economy. *See Thomas*, 540 U.S. at 24-25; *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step sequential evaluation process in detail).

### III.   DISCUSSION

#### A.  The ALJ's Decision

The ALJ issued his decision on October 31, 2014. AR 21-32. At step one, he found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of August 22, 2011, through his last insured date of December 31, 2012. AR 23. Because Plaintiff had not engaged in substantial gainful activity for at least twelve months, the ALJ proceeded to step two. AR 23-24. There, he found that Plaintiff suffered from the following severe impairments: (1) posttraumatic stress disorder ("PTSD"); (2) schizophrenia, paranoid type; and (3) alcohol ("ETOH") use disorder. AR 23. At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled the severity of a Listing. AR 24.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. AR 25-26. In fact, based on Plaintiff's alcohol abuse, the ALJ devised two individuated RFCs – one for Plaintiff "while intoxicated," AR 25, and one for Plaintiff "while sober," AR 26. The ALJ found that Plaintiff, while intoxicated:

> (1) Will miss work more than one or two days per month;
> (2) Cannot day-in and day-out report daily to a job in a timely manner;
> (3) Cannot work cooperatively with co-workers and supervisors, such that he cannot respond appropriately to criticism or direction by supervisors;
> (4) Cannot interact with the general public; and
> (5) Is limited to simple work with frequent re-direction to task.

AR 25.  When Plaintiff was sober, however, the ALJ found only that Plaintiff:

> (1) Cannot interact with the general public; and
> (2) Is limited to simple work with one or two-step tasks with routine supervision.

AR 26.  Before proceeding to step four, the ALJ found that Plaintiff's alcohol use "is material to a finding of disability."[2]  AR 29.

At step four, the ALJ found that Plaintiff could not perform any past relevant work.  AR 30. Accordingly, the ALJ proceeded to step five.  Based on Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff could perform other jobs that exist in significant numbers in the national economy.  AR 30-31.  Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and he denied the claim.  AR 31-32.

### B. Plaintiff's Allegations of Error

Plaintiff argues that the ALJ erred (1) by failing to include all the moderate limitations identified by state agency evaluators in Plaintiff's RFC, and (2) in failing to explain why he did not do so.  Pl.'s Br. 13-18, ECF No. 18.  *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 at *7 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."); *compare* AR 85-90 (Dr. Reed's

---

[2] In 1996, Congress enacted the Contract with America Advancement Act ("CAAA"), which amended the Social Security Act.  *See* 42 U.S.C. § 423(d)(2)(C) (2000); *Salazar v. Barnhart,* 468 F.3d 615, 622 (10th Cir. 2006) (citing Pub. L. No. 104–121, 100 Stat. 848, 852).  Pursuant to the reforms of the CAAA, claimants may not be found disabled on account of alcoholism or the use of illegal substances. Accordingly, a claimant will not be found disabled if drug abuse or alcoholism is material to the determination of disability.  *See* 42 U.S.C. § 1382c(a)(3)(J) (2012); 20 C.F.R. §§ 416.935-416.941 (2015).  This determination of materiality is critical in disability cases involving substance abuse, and the ALJ's inadequate analysis in the instant matter is discussed below.  *See supra* note 3.

opinions); AR 97-106 (Dr. Sagon's opinions), *with* AR 26 (ALJ's RFC finding).  Plaintiff is correct.  Without an adequate explanation, the ALJ erred in failing to include in the RFC limitations that account for each of Dr. Reed and Dr. Sagon's findings.  *See* SSR 96-8p.  Because reevaluation may necessarily alter the RFC assessment, the Court declines to address Plaintiff's other alleged errors at this time.[3]

The Commissioner counters that "Plaintiff fails to establish any actual inconsistency between the ALJ's [RFC] findings and the state agency psychologists' opinions."  Def.'s Resp. 14, ECF No. 22.  To support this claim, she cites to *Jaramillo v. Colvin*, 576 F. App'x 870, 875 (10th Cir. 2014) for the proposition that Plaintiff's attention and concentration limitation are "implicit in the agency's definition of unskilled work."  Def.'s Resp. 13.  Indeed, by her estimation, it "*is immaterial*" that "the ALJ did not adopt the psychologists' limitation on maintaining attention and concentration for two-hour periods of time."  *Id.* at 13 (emphasis added).  The Commissioner makes no mention of the numerous other limitations omitted from the RFC.  Rather, her argument seems to be that a limitation to "simple work with 1 or 2-step tasks with routine supervision," coupled with a proscription from interacting with the general

---

[3] Plaintiff's other contentions include: (1) the Commissioner misstated the burden of proof, which at step five of the sequential analysis, is entirely on the Commissioner; (2) the Commissioner erred in equating the brief visits to the clinic when sober with "periods of abstinence" from the Alcohol Use Disorder under SSR 13-02; (3) the Commissioner erred by not obtaining medical expertise in making her analysis; (4) the decision does not cover the entire period at issue; and (5) the Commissioner's credibility determination is flawed and her findings on functional ability are unsupported by substantial evidence. Pl.'s Mot. 1, ECF No. 17. Although the Court will not reach the merits of these allegations, the Court notes, in the interests of aiding the ALJ on remand, that it would have also recommended remand for the ALJ's insufficient analysis of Plaintiff's periods of abstinence and their relation to the ALJ's materiality finding. *See Salazar v. Barnhart*, 468 F.3d 615, 622-23 (10th Cir. 2006) (holding that where a claimant's mental impairments cannot be separated from the effects of substance abuse, then the claimant's drug and alcohol addiction is not a contributing factor material to the disability determination). For the ALJ to develop an appropriate record, the Court recommends the ALJ solicit additional interrogatory support from Plaintiff's prior mental health providers to determine if his improvement during periods of inpatient care is attributable to his sobriety, or instead, to an increase in medication and clinical supervision. The Court would have also recommended remand for the ALJ's failure to articulate why he made adverse credibility findings against the Plaintiff. *See Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988) ("Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.") (internal footnote omitted). Discounting Plaintiff's statements "concerning the intensity, persistence and limiting effects of [his] symptoms" as "not entirely credible for the reasons explained in this decision" does not serve to closely and affirmatively link the credibility finding to substantial evidence. *See* AR 28. *See also Huston*, 838 F.2d at 1133.

public, fully encompasses the limitations identified by the two state examiners. Unfortunately for the Commissioner, as set forth *infra*, the Tenth Circuit sees it differently.

### C. The ALJ Erred in Formulating Plaintiff's RFC

The ALJ's opinion makes no mention of the medical bases he relied on to formulate Plaintiff's RFC.[4] Despite this, it is evident – and the Commissioner agrees - that the RFC derives from the opinions of the two state examining psychologists, Dr. Reed and Dr. Sagon. *See* Def.'s Resp. 12-13.

On April 5, 2012, during the initial consideration of Plaintiff's claim, Dr. Reed found Plaintiff to be "markedly limited" in his ability to interact with the general public. AR 89. Additionally, Dr. Reed found Plaintiff to be "moderately limited" in the following areas:

#### Understanding and Memory Limitations

1. The ability to understand and remember detailed instructions;

#### Sustained Concentration and Persistence Limitations

2. The ability to carry out detailed instructions;

3. The ability to maintain attention and concentration for extended periods;

4. The ability to work in coordination with or in proximity to others without being distracted by them;

5. The ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods;

#### Social Interaction Limitations

6. The ability to accept instructions and respond appropriately to criticism from supervisors;

---

[4] This, too, is error. When assessing a plaintiff's RFC, an ALJ must explain what weight is assigned to each opinion and why. SSR 96-5p, 1996 WL 374183 at *5.

7. The ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes;

8. The ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness;

### Adaptation Limitations

9. The ability to respond appropriately to changes in the work setting;

10. The ability to travel in unfamiliar places or use public transportation; and

11. The ability to set realistic goals or make plans independently of others.

AR 89-90. In December 2012, upon reconsideration by the SSA, Dr. Sagon found the same limitations. AR 104-06.[5] Both Dr. Reed and Dr. Sagon qualified their findings by stating that if Plaintiff were to comply with treatment and avoid substances, he would be "capable" of the social interaction limitations listed above. AR 90, 105. Likewise, both examiners opined: "assuming [Plaintiff] continues with his psychiatric [therapy] and stops his substance abuse/dependence" he would be capable of the understanding and memory limitations detailed above. AR 89, 104. Ultimately, at both the initial and reconsideration stages, the state examining psychologists assigned the following RFC to Plaintiff:

> The claimant can understand, remember, carry out simple instructions, make simple decisions, attend and concentrate for two hours at a time, interact adequately with co-workers and supervisors, and respond appropriately to changes in a routine work setting. The [claimant] should avoid occupations involving interacting with the public.

AR 90, 106. This differs from the ALJ's abbreviated RFC: "[Plaintiff] cannot interact with the general public; and is limited to simple work with 1 or 2-step tasks with routine supervision." AR 26.

The ALJ's RFC, when contrasted with the litany of moderate limitations identified by the state examining psychologists, is replete with omissions. Furthermore, the ALJ makes no effort

---

[5] This includes Plaintiff's "markedly limited" ability to interact with the public. AR 105.

to explain or reconcile the omissions. Although ALJs are not required to discuss every piece of evidence, they are required to discuss the weight assigned to each medical source opinion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)). Specifically, when assessing a plaintiff's RFC, an ALJ must explain what weight is assigned to each opinion and why. SSR 96-5p, 1996 WL 374183 at *5. "[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on [a specific] functional capacity . . . [because] the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (alteration and internal quotation marks omitted)). Nevertheless, "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). In *Haga*, in 2007, the Tenth Circuit held that the ALJ erred in failing to explain why he adopted some of a consultative examiner's ("CE's") restrictions but rejected others. *Id.* "[T]he ALJ did not state that any evidence conflicted with [the CE's] opinion or mental RFC assessment. So it is simply unexplained why the ALJ adopted some of [the CE's] restrictions but not others." *Id.* The court, therefore, remanded "so that the ALJ [could] explain the evidentiary support for his RFC determination." *Id.* Later in 2007, the Tenth Circuit expressly applied *Haga* and its reasoning to the opinions of non-examining physicians in *Frantz v. Astrue*, 509 F.3d 1299, 1302–03 (10th Cir. 2007).

Here, as in *Haga* and *Frantz*, the ALJ apparently adopted portions of non-examining physicians' opinions but rejected other portions without explanation. *See* AR 25-26. The Commissioner responds, in essence, that the moderate limitations identified by Dr. Reed and Dr. Sagon should not control this Court's analysis. Def.'s Resp. 13. This position does not comport

9

with Tenth Circuit case law. Specifically, the ALJ's limitation to "simple work with 1 or 2-step tasks with routine supervision" does not account for the various moderate mental impairments at issue here. *See Chapo*, 682 F.3d at 1291 n.3; *Groberg v. Astrue*, 505 F. App'x 763, 770 (10th Cir. 2012) (unpublished). Further, SSR 85-15 indicates that "[t]he basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." SSR 85–15, 1985 WL 56857, at *4 (1985). Considering this, "[n]one of the basic mental abilities of unskilled work described in SSR 85-15 captures" Dr. Reed's and Dr. Sagon's numerous moderate limitations. *Jaramillo v. Colvin,* 576 F. App'x 870, 876 (10th Cir. 2014) (unpublished).

As the Tenth Circuit has explained: "A moderate impairment is not the same as no impairment at all. Instead, it supports the conclusion that the individual's capacity to perform the activity is impaired, and therefore must be related with sufficient precision in a dispositive hypothetical to a vocational expert ("VE") and in an RFC finding." *Id*. at 875.[3]  Here, the ALJ failed to relate "with sufficient precision" Plaintiff's moderate limitations in the RFC finding and hypothetical to the VE. *Id*. at 876. Therefore, the ALJ's reliance at step five on the jobs identified by the VE in response to the hypothetical was not supported by substantial evidence. *See Hargis v. Sullivan,* 945 F.2d 1482, 1492 (10th Cir. 1991) ("Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision."). Thus, this case must be remanded for a proper assessment of Plaintiff's RFC.

## IV.  CONCLUSION

Remand is required for the ALJ to properly formulate an RFC based on the medical evidence in the record.  Although the ALJ's other errors were not fully analyzed in this recommendation, the ALJ should be mindful of the guidance provided herein and craft his subsequent ruling accordingly.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion to Reverse or Remand [ECF No. 17] be **GRANTED**, and that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings in accordance with this opinion.

**IT IS SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**