# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

CLAUDE EDWARD TRIVINO,

    Plaintiff,

v.                                                                            Civ. No. 15-102 MV/GJF

CAROLYN COLVIN,
*Acting Commissioner of Social Security*,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's "Opposed Motion for Equal Access to Justice Award of Attorney's Fees and Costs" ("Motion") [ECF No. 36], filed on October 31, 2016. The Commissioner responded on November 14, 2016. ECF No. 38. Plaintiff replied on November 16, 2016. ECF No. 39. Plaintiff moves the Court for an award of $10,117.11 in attorney fees and costs under EAJA. Pl.'s Mot. 2-3, ECF No. 36. Having reviewed the record, the briefing, and the relevant law, and being otherwise fully advised in the premises, the Court finds that the Motion should be granted in part.

**I.    STANDARD OF REVIEW**

The Equal Access to Justice Act ("EAJA") provides for an award of attorney fees to a plaintiff when: (1) she is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). However, the fees awarded should in all cases be "reasonable." *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990); *Hackett*, 475 F.3d at 1168. "[O]nce the determination has been made that the government's position was not substantially justified, then the court should determine what fee is merited for

1

all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, Nos. 08-5080, 08-5082, 297 F. App'x 807, 809, 2008 WL 4726236, at *2 (10th Cir. Oct. 28, 2008) (unpublished) (citing *Jean*, 496 U.S. at 161). Determining the reasonableness of the number of hours billed lies within the Court's discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (interpreting attorney fees request under 42 U.S.C. § 1988); *see also Jean*, 496 U.S. at 161 (explaining that once a litigant has established eligibility for fees under the EAJA, "the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*").

## II. ANALYSIS

"In awarding fees under the EAJA, [courts] have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result." *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004). The Tenth Circuit recognizes that attorneys typically do not bill a client for every hour expended in litigation, and they should exercise "billing judgment" regarding the amount of hours actually billed. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (citing *Hensley*, 461 U.S. at 437). To show appropriate billing judgment, an attorney should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary. *Id.* The Court has a corresponding obligation to exclude hours "not reasonably expended" from the calculation. *Id.* The Tenth Circuit has directed the district courts to approach this reasonableness inquiry "much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983)).

In this case, Plaintiff requests $10,117.11 for 53.1 hours of work total, of which 45.85 hours was completed in 2015 at $190 per hour and 7.25 hours was performed in 2016 at $192 per hour. Pl.'s Mot. Ex. 2 at 3. The figure also incorporates postage costs of $13.61. *Id.* The Commissioner objects only to the number of hours requested. *See* Def.'s Resp. 1-3, ECF No. 38. She does not challenge the hourly rates, nor does she argue that her position was substantially justified. *Id.* She asks the Court instead to exercise its discretion to reduce the number of hours by approximately ten, for a maximum fee award of $8,200. *Id.* at 1. Furthermore, the Commissioner "contends that counsel's overall time spent on this matter was excessive given the fairly routine nature of this disability appeal." *Id.* at 2. She then details the following six billing entries as warranting reduction or excision:

(1) April 16, 2015 – Thirty (30) minutes to review Answer;

(2) September 18 - October 16, 2015 – Twelve hours spent on a reply brief that actually exceeded the length of the Commissioner's Response;

(3) October 6, 2015 – Thirty (30) minutes relating to Plaintiff's Motion for an Extension of Time;

(4) October 17, 2015 – Thirty (30) minutes for reviewing the docket, review the file, prepare and submit notice of briefing complete;

(5) April 28, 2016 – 1.5 hours to review magistrate judge's Proposed Findings and Recommended Disposition ("PFRD");

(6) 2016 (unspecified) – One hour for numerous telephone calls with client.

*Id.* at 2-3 (citing Pl.'s Mot. Ex. 2 at 1-3).

The Court finds that while the time incurred by counsel of 53.1 hours is slightly more than some courts have noted is the average amount of time spent on a social security case, *see Hayes v. Sec. of Health and Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990) (finding that 30 to 40 hours was the average amount of time spent on a social security case), the fees are still within

the range of reasonable time. *See Carlson v. Astrue*, 500 F. Supp. 2d 1174, 1177 (D. Kan. 2007) (53.25 hours was reasonable); *Harris v. Barnhart*, 259 F.Supp.2d 775, 778 (E.D. Wis. 2003) (noting that courts in that circuit had approved fees in the range of 50 to 66 hours); *see also Palmer v. Barnhart*, 227 F.Supp.2d 975, 978 (N.D. Ill. 2002) (48.2 hours reasonable). *But see Chisholm v. Astrue*, No. 13-1276-SAC, 2015 WL 474345, at *1-2 (D. Kan. Feb. 5, 2015) (reducing time from 54.55 hours to 43.8 hours); *Peoples v. Shalala*, 1995 WL 462213, at *2 (D. Kan. July 27, 1995) (where nothing about the case appeared to warrant an "extra" expenditure of time, court would not permit plaintiff's counsel to recover more than the "typical" amount of hours expended - between thirty and forty). In this matter, Plaintiff's attorney successfully identified and briefed numerous grounds for relief and her client's circumstances and case were clearly atypical. Thus, with the exception of clerical or blatantly excessive fees, the Court finds no reason to arbitrarily reduce the fee amount to $8,200.

Rather, the Court will reduce Plaintiff's request only insofar as it contains entries that are disallowable or clearly excessive. The first example of these is billing to file motions for extension. Time spent seeking such extensions is generally not compensable under EAJA. *See Burr v. Bowen*, 782 F.Supp. 1285, 1290 (N.D. Ill. 1992) (motions for extensions of time for plaintiff's attorney's convenience disallowed); *Carter v. Astrue*, No. 6:10-CV-06099, 2012 WL 1711687, at *2 (W.D. Ark. May 15, 2012). Although exceptions to the general prohibition exist and may be properly allocated within the trial court's discretion, the Court sees no reason to do so here. Thus, the total fee award is reduced by one hour (at the 2015 rate of $190) for time relating to motions for extension, billed on October 6 and October 17, 2015.

Additionally, the Court will reduce three other fee requests that appear unreasonable. The underlying question in awarding attorney fees is whether the claimed fees are reasonable,

4

and district courts have "discretion in determining the amount of a fee award." *Hensley*, 461 U.S. at 437. First, the April 16, 2015, entry for reviewing Defendant's Answer [ECF No. 9] shall be decreased from 0.5 hours to 0.1. This represents a reasonable amount of time to bill a client for the review of a three-page, virtually boilerplate document that the Court itself read and understood in under two minutes. Second, the Court will eliminate the 0.5 hour entry dated October 17, 2015, for reviewing the docket and submitting a notice of briefing complete. Given the protracted time billed for drafting and filing Plaintiff's reply on the same date - which the Court is not reducing - it seems unreasonable to seek further costs for reviewing a docket that would invariably be reviewed during the twelve hours spent drafting the reply, or for filing a notice of briefing complete, which is fundamentally a clerical task. Third, the Court will reduce the award for reviewing the magistrate judge's 11-page PFRD, which was entirely favorable to Plaintiff, from 1.5 hours to 0.5 hours. As a result of these three modifications, the EAJA award to Plaintiff's counsel is further reduced 1.9 hours for excessive billing (0.9 hours at the 2015 rate of $190, and 1 hour at the 2016 rate of $192).

Lastly, the Court must excise one request for lack of specificity. Namely, Plaintiff's attorney seeks 1.0 hour of fees for "numerous telephone conversations with client regarding status." Pl.'s Mot. Ex. 2 at 3. "[A] district court may discount requested attorney hours if the attorney fails to keep meticulous, contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (internal citation and quotation marks omitted). Here, the request for fees makes no mention of specific dates or lengths of conversations between attorney and client. Clearly, by making a generic reference to 2016 – and only to 2016 – the record cannot be said to be either meticulous or contemporaneous.

Consequently, the Court finds that the EAJA award to Plaintiff's attorney shall be reduced by one hour (at the 2016 rate of $192).

Having reviewed the parties' briefing and applicable case law, the Court finds that Plaintiff's Motion [ECF No. 36] should be **GRANTED IN PART** and that EAJA fees shall be awarded for a total of 49.2 hours. Of these, 43.95 hours shall be payable at the 2015 rate of $190 per hour, and 5.25 shall be payable at the 2016 rate of $192 per hour. Plaintiff shall also receive $13.61 for postage fees.

**IT IS THEREFORE ORDERED** that Plaintiff Claude Edward Trivino is authorized to receive **$9,372.11** for payment to his attorneys for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee") (internal quotation marks omitted).

**IT IS SO ORDERED.**

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**